This Federal Insurance Contributions Act (FICA) tax case comes before the court on defendant’s motion for summary judgment for plaintiffs failure to state a claim upon which relief can be granted. Plaintiff has not filed a response.
During 1978, plaintiff worked for Taylors Sunco and Marriott Corporation. Taylors Sunco withheld $29.90 for federal income tax and $17.48 for F.I.C.A. from his salary. Marriott also withheld federal income tax of $12.55 and $10.65 for F.I.C.A. All told, plaintiff had $42.45 federal income tax withholding and $28.04 F.I.C.A.
On plaintiffs 1978 tax return, he requested a refund of both the withheld federal income tax and F.I.C.A. Defendant refunded the $42.45 withheld for income tax purposes. Plaintiff petitions us for a refund of the F.I.C.A. taxes of $28.04.[1]
26 U.S.C. § 3101 (1976) imposes various F.I.C.A. taxes on employee wages. Section 3102 requires the employer to deduct the amount of these taxes from an employee’s wages when paid. In fact, the employer is liable for not withholding the taxes. Bolding v. United States, 215 Ct. Cl. 148, 565 F. 2d 663 (1977); United States v. Fogarty, 164 F. 2d 26 (8th Cir. 1947).
In the instant case, plaintiff has failed to allege that the earnings upon which the F.I.C.A. taxes were assessed were not wages within the meaning of the code. 26 U.S.C. § 3401 (1976). Plaintiff has not even alleged that the amount of the F.I.C.A. taxes was improperly calculated. In short, *959 plaintiff gives no cogent reason whatsoever for the refund, he requests. Plaintiffs sole basis of his claim is that the F.I.C.A. taxes should be returned since they were a part of his wages. That is not the law.
Plaintiff has failed to state a cognizable claim for relief. Consequently, defendant’s motion for summary judgment must be granted.
Accordingly, upon consideration of the parties’ submissions, without oral argument, defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.

 Plaintiff also claims an additional $4,000,000.00 for defendant’s failure to refund the F.I.C.A. taxes. Plaintiff has not cited any statute, regulation or contract which entitles him to such an amount. Any claim for damages plaintiff might have would necessarily sound in tort over which this court has no jurisdiction. 28 U.S.C. § 1491 (1976). Since plaintiff has not stated a claim for relief within this court’s jurisdiction, defendant is entitled to summary judgment on this aspect too. Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 372 F. 2d 1002 (1967).